UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DALE E. MANTHEY #10622040, | ) |
| Plaintiff, | ) Case No. 2:03-cv-10 |
| v. | ) HON. DAVID W. MCKEAGUE |
| NILS KESSLER, | ) |
| | ) **OPINION** |
| Defendant. | ) |

This is a civil action brought by a federal prisoner against a federal prosecutor. The court has granted Plaintiff leave to proceed in forma pauperis, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.    <u>Factual Allegations</u>

Plaintiff Dale Manthey, an inmate at the FPC Yankton Federal Correctional Facility, filed this <u>pro se</u> civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Nils Kessler, who is an Assistant United States Attorney.

Plaintiff alleges in his complaint that he was brought before United States Magistrate Judge Greeley for a detention hearing on September 6, 2001. Prior to the start of the detention hearing, Defendant Kessler submitted an amended motion for pretrial detention, which Plaintiff claims contained several fabricated untruths. The motion stated that Plaintiff had made threats to "Prosecutor Swajanen," that Plaintiff had a history of a felony conviction, that Plaintiff's son had numerous convictions for drug related and violent crimes, and that Plaintiff stood almost no chance of acquittal. Plaintiff claims that these comments were untrue and that they were relied upon by the Court in its decision to deny pretrial release.

Plaintiff claims that as a result of his pretrial detention, he was unable to adequately prepare for trial and suffered substantial emotional and financial difficulties. Plaintiff states that Defendant's conduct violated his rights under the Fifth, Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as any other relief the Court determines is appropriate.

    II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. <u>Jones v. City of Carlisle</u>, 3 F.3d 945, 947 (6th Cir. 1993), <u>cert. denied</u>,

510 U.S. 1177 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994).

Plaintiff's claims against Defendant Kessler are properly dismissed because Defendant Kessler is entitled to absolute prosecutorial immunity. Burnes v. Reed, 500 U.S. 478, 486 (1991). Although Plaintiff argues that Defendant Kessler's comments during the bond hearing were investigative in nature, he cites no authority for this position. Rather, it is clear that Defendant Kessler's conduct during the bond hearing was purely prosecutorial in nature, and that Defendant Kessler was merely attempting to initiate and pursue a prosecution. See Pusey v. City of Youngstown, 11 F.3d 652, 658 (6th Cir. 1993; Bush v. Muncy, 659 F.3d 402, 413-14 (4th Cir. 1981). Therefore, Plaintiff's complaint against Defendant Kessler is properly dismissed.

Moreover, the claims being asserted by Plaintiff in this complaint are barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff contends that his pretrial detention rendered him unable to adequately prepare for trial, which resulted in his conviction for drug trafficking offenses. The Supreme Court has held that a claim for monetary damages, based upon allegations of deceit and bias that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. Heck, 512 U.S. at 486-87. In Heck, the Supreme Court held that a § 1983 plaintiff may not recover

damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he has proven that the conviction or sentence has been overturned. Id. Thus, because Plaintiff claims that his pretrial detention resulted in his inability to adequately defend himself in his criminal case, it necessarily implies the invalidity of his criminal convictions. Therefore, the claims asserted in the instant complaint are not cognizable under § 1983. Id. at 487.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $105 appellate filing fee pursuant to § 1915(b)(1), see McGore, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $105 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: April 1, 2003          /s/  David W. McKeague
                              DAVID W. MCKEAGUE
                              UNITED STATES DISTRICT JUDGE